■ TEXACO, INC., Petitioner, v STATE DIVISION OF HUMAN RIGHTS et al., Respondents.—Proceeding pursuant to Executive Law § 298 to review an order of the State Human Rights Appeal Board, dated May 30, 1984, which affirmed a determination of the State Division of Human Rights, dated October 1, 1982, finding petitioner guilty of unlawful discrimination

against complainant on the basis of his race and color, after a hearing, and awarding complainant compensatory damages.

Order confirmed and proceeding dismissed, with costs to be taxed by the County Clerk of Nassau County.

Complainant John Newsome commenced working for petitioner, Texaco, Inc., on July 19, 1971, approximately 20 days after Herve Linder began his employment with Texaco. Newsome, the possessor of a class I driver's license, operated 8,000 gallon tractor trailers out of Texaco's Inwood distribution terminal. Linder, with a Class III driver's license, drove a 3,000 gallon truck housed at Texaco's East River distribution terminal in Brooklyn.

On August 7, 1980, Texaco announced that it was laying off 12 drivers from its East River terminal. Pursuant to seniority "bumping" rules, Linder was permitted to bump Newsome from the job Newsome had satisfactorily performed for approximately nine years. This "bumping" occurred only after Texaco decided that it would exercise its discretion to grant Linder a 42-day personal leave of absence without pay so that he could acquire a class I license, a prerequisite for operating a tractor trailer from the Inwood facility, and that it would also exercise its discretion to allow Linder's seniority to continue to accrue while he acquired the basic qualification needed to operate out of the Inwood terminal. Although Texaco conceded that an employee's ability and efficiency was a factor which could have permitted it to retain Newsome, a tractor driver who had performed satisfactorily for nine years, rather than Linder, who had previously been unqualified to drive a tractor trailer, it chose not to exercise its discretion on behalf of Newsome in this regard. We also note that at the time Newsome was laid off he was the only black driver out of the 18 drivers operating from the Inwood facility.

There is substantial evidence to support the determination that Texaco was guilty of unlawful discrimination. While Texaco has denied any discriminatory motive, the trier of fact had ample support for rejecting this claim. Although Texaco argues that governing union contract language requires it to grant a transferred employee the opportunity to establish his fitness to fill a new position, it does not provide adequate support for its conclusion that this contract clause required it to exercise its discretion to allow an employee a personal leave with continually accruing seniority so that the employee could obtain a basic initial qualification for the job. Nor is it insignificant that Newsome was the only black driver at

Inwood (*see, e.g., State Div. of Human Rights v Kilian Mfg. Corp.*, 35 NY2d 201, *appeal dismissed* 420 US 915). We must also remain continually mindful that discriminatory ends are often achieved through subtle rather than overt means (*see, 300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176). We in no way express any view as to how this court would have resolved the conflicting evidence with regard to whether Texaco acted with a discriminatory motive if we were deciding this issue as the initial trier of fact. We simply conclude that there was substantial evidence in the record to support the challenged determination (*Matter of New York City Bd. of Educ. v Batista*, 54 NY2d 379; *300 Gramatan Ave. Assoc. v State Div. of Human Rights, supra*). Lazer, J. P., Gibbons, Thompson and Kunzeman, JJ., concur.